Matter of JPMorgan Chase Bank N.A. (2021 NY Slip Op 00626)





Matter of JPMorgan Chase Bank N.A.


2021 NY Slip Op 00626


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 1960/1623B Appeal No. 13059N Case No. 2019-5405 

[*1]In the Matter of the Intermediate Account of JPMorgan Chase Bank, N.A., as Trustee of the Trust Created by John D. Rockefeller, Jr., Settlor, For the Benefit of Lucy Aldridge Rockefeller Also Known as Lucy Waletzky JPMorgan Chase Bank, N.A. formerly known as The Chase National Bank of the City of New York, as Trustee of the Trust for the Benefit of Lucy R. Waletzky, Petitioner-Appellant,
Dr. Lucy R. Waletzky, Objectant-Respondent.


Hahn & Hessen, LLP, New York (Zachary G. Newman of counsel), for appellant.
MoloLamken LLP, New York (Thomas J. Wiegand of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about May 20, 2019, which, to the extent appealed from as limited by the briefs, granted objectant's motion for a protective order limiting nonparty discovery, unanimously affirmed, without costs.
The Surrogate providently exercised her discretion in limiting certain requests in the subpoenas served on nonparty entities (the Rockefeller entities) to the period from 1962 through 1975 based on objectant's counsel's representations at oral argument that objectant challenges petitioner's conduct, primarily in selling certain stocks held by the trust at issue, during that period, not the entire 50-year period of the accounting (see CPLR 3103; SCPA 102; see also AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 260 [1st Dept 2013]). While objectant also argues that petitioner failed to keep records for the entire 50-year period, discovery previously was granted with regard to petitioner's and objectant's records, so any relevant records already were produced. Petitioner failed to explain how obtaining such records from the Rockefeller entities, objectant's purported advisors, would be relevant to its defenses.
The Surrogate also properly struck Request 12, which sought documents regarding objectant's assets held from March 9, 1962 to June 30, 2012. The Surrogate correctly concluded that petitioner failed to demonstrate how such records, regarding objectant's income, would be relevant to its defenses against the objections.
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021